# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-CV-8299 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| JORGE URIARTE, | ) | |
| | ) | |
| Defendant | ) | |

## **MEMORANDUM OPINION & ORDER**

Before the court is the motion of Jorge Uriarte ("Jorge") to amend his 28 U.S.C. § 2255 motion to vacate, correct, or set aside his sentence. Jorge wants to add an ineffective assistance of counsel claim premised on the failure of his second appointed lawyer, Michael E. Rediger ("Rediger"), to move in November 2018 to continue his re-sentencing hearing. *See* Mot. to Am. 1, ECF No. 28. The court grants the motion for the following reasons.

### Background

Prior orders entered on the companion criminal docket, No. 09-CR-332 (cited as "Cr. ECF No."), have covered the increasingly serpentine procedural history of this case in detail. In 2016, the Seventh Circuit vacated the convictions of three defendants—including Jorge and his brother Hector Uriarte ("Hector")—of the offense charged in count eight and remanded the case with directions to re-sentence. *United States v. Cardena*, 842 F.3d 959, 1002 (7th Cir. 2016). Counts 8 and 11 charged recidivist offenses in violation of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c).

After remand, Jorge claimed that he learned for the first time while preparing for re-sentencing that his trial counsel, John M. Beal ("Beal"), did not inform him of a pretrial plea

1

offer.  Due to the possible conflict and at Jorge's request, this court appointed Rediger to represent Jorge.  On September 18, 2018, the court ruled that Jorge's ineffective assistance of counsel claim based on Beal's alleged conduct should be prosecuted in a collateral proceeding after his resentencing.  Order 7–11, Cr. ECF No. 1784.  The instant § 2255 motion initiated that collateral proceeding.  On November 16, 2018, the court resentenced Jorge.  He received the mandatory minimum sentence then allowed by the ACCA (40 years).

Rediger then file the instant § 2255 petition alleging that Beal was ineffective for failing to convey a pretrial plea offer to Jorge.  ECF No. 1.  The court held evidentiary hearings on March 14 and April 10, 2019.  ECF Nos. 9, 14.  The court has not yet heard closing arguments, however, due to the possibility, considered here, that Jorge will add a new claim.  Hector's resentencing took longer than Jorge's.  It occurred in May 2019 due to an interlocutory appeal filed pro se by Hector.  In August 2018, Hector filed a pro se motion to vacate his sentence.  Cr. ECF No. 1765.  On September 18, 2018, the court denied that motion, finding that the law of the case doctrine barred his arguments.  Cr. ECF No. 1783 at 2–4.  Hector appealed.  Cr. ECF No. 1792 (Oct. 1, 2018).  By agreement of the government and the parties, the court continued Hector's resentencing until the Seventh Circuit dismissed his interlocutory appeal.  *See* Cr. ECF Nos. 1811–14.

While Hector's appeal was pending, but a little more than a month after the court resentenced Jorge, Congress enacted the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).  As stated in this court's memorandum opinion entered prior to Hector's resentencing:

> Counts 8 and 11 of the indictment charged various defendants with possessing a firearm in connection with separate kidnappings, both violations of 18 U.S.C. § 924(c)(1).  Until [the First Step Act], subsection 924(c)(1)(C) mandated a 25-year minimum sentence in the case of a second or subsequent conviction under this

> subsection. 18 U.S.C. § 924(c) (2012). Effective December 21, 2018, § 403(a) of the First Step Act changed the language triggering the 25-year minimum in § 924(c)(1). In the wake of the First Step Act, a § 924(c) offense must "occur[ ] after a prior [§ 924(c)(1)] conviction . . . has become final." First Step Act § 403(a). Section 403(b) provides that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

Cr. ECF No. 1835 at 1 (footnote and some internal citations omitted). Prior to Hector's resentencing, the court held that § 403(a) applies to a case pending on remand for a general resentencing, making Hector's mandatory minimum sentence 20 rather than 40 years. *Id.* at 1–8. The court resentenced Hector on May 10, 2019. After weighing the statutory sentencing factors, *see* 18 U.S.C. 3553(a), the court determined that a 20-year sentence was sufficient but no greater than necessary for Hector. *See* Sentencing Tr., ECF No. 1844. The government has appealed. Cr. ECF No. 1845, docketed as No. 19-2092 (7th Cir.).

A status hearing on Jorge's § 2255 motion was held on May 29, 2019. The court raised concerns that a lawyer other than Rediger should look into the possibility of bringing an ineffective assistance claim in light of the outcome of Hector's resentencing. *See* Tr., ECF No. 24. The court appointed Anthony Hill ("Hill") for that purpose. ECF No. 22.

**Analysis**

Hill filed the instant motion to amend on Jorge's behalf. The motion seeks to add an ineffective assistance claim under the Sixth Amendment. Rediger should, according to the proposed claim, have moved to continue Jorge's resentencing in November 2018 because Congress was about to pass the First Step Act. Mot. Leave to Am. ¶ 7, ECF No. 28. The motion to amend adds that Jorge waives any potential conflict of interest Rediger may have; Jorge wants Rediger to continue representing him on his claim concerning Beal's conduct. *Id.* ¶ 5.

3

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) 'allows every prisoner one full opportunity to seek collateral review. Part of that opportunity—part of every civil case—is an entitlement to add or drop issues while the litigation proceeds.'" *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Federal Rule of Civil Procedure 15(a)(2) applies to motions to amend a § 2255 petition. *Id*. at 806. Under Rule 15(a)(2)'s generous standard, the court need not grant leave to amend if it would be futile to do so or where the party moving to amend exhibits bad faith, a dilatory motive, or unreasonable delay. *Id.* (quotation and citations omitted) (cautioning that a proposed amendment to a § 2255 motion must be viewed in light of AEDPA's limits on second or successive petitions); *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002); *Johnson v. United States*, 196 F.3d 802, 805–06 (7th Cir. 1999).

The government argues futility. It does not suggest that Jorge unreasonably delayed and concedes that his motion for leave to amend is timely. *See* Resp. 2, ECF No. 30. The government submits that Jorge's ineffective assistance claim is destined to fail under the familiar two-pronged *Strickland v. Washington*, 466 U.S. 668 (1984), test. *See id.* at 2–11. Also, if the court grants the motion, the government says that Rediger will have an unwaivable conflict of interest because he will likely become an advocate and a witness. *Id.* at 11–12.

The court considers futility first. Under *Strickland*, Jorge must establish two things to succeed on an ineffective assistance claim: (1) "counsel's representation 'fell below an objective standard of reasonableness'" and (2) "[the defendant] was prejudiced as a result." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (quoting *Strickland*, 466 U.S. at 688). Failing to make a proper showing under one of the *Strickland* prongs means that the court does not need to

consider the other prong.  *See Strickland*, 466 U.S. at 697; *see also Amerson v. Farrey*, 492 F.3d 848, 851 (7th Cir. 2007).

On prejudice, the government seeks to preserve an argument for appeal.  *See* Resp. 10–11.  The government recognizes that this court ruled in its April 25, 2019, opinion that § 403(a) of the First Step Act applied to Hector, a defendant on remand for plenary resentencing.  *Id.* at 10.  Under that ruling, Jorge would have been subject to a mandatory minimum sentence that was 20 years shorter than the sentence he received in November 2018 if the First Step Act had been in effect.  This court remarked on the disparity between the Uriarte brothers' sentences both in its April 25, 2019, opinion, *see* Cr. ECF No. 1784 at 7 & n.3, and at Hector's resentencing hearing, *see* Tr. at 17:19-23, ECF No. 1844.  As Jorge points out, the government argued at Hector's sentencing that "Hector Uriarte's role in this conspiracy was more significant [than Jorge's]. [Hector] played a larger role." Tr. at 17:15-17.  These are strong indicia that the result of Jorge's resentencing would have been different had the court been free to sentence him under § 403(a) of the First Step Act, so the court finds no futility on prejudice grounds.  Nor can the court say with the required certainty that allowing Jorge to develop a record on the performance prong would be futile.

The parties agree that the Seventh Circuit's decision in *United States v. Tanner*, 544 F.3d 793 (7th Cir. 2008), will likely be relevant to the *Strickland* performance prong.  In *Tanner*, the district court denied the defendant's motion for a five-month sentencing continuance to allow time for the 2007 amendments to the U.S. Sentencing Guidelines to take effect.  *Id.* at 794.  One of the amendments changed how a prior conviction was counted for criminal history purposes, resulting in the defendant becoming eligible for a sentence below the statutory minimum under the safety valve provision.  *See id.* at 794–95.  The Seventh Circuit affirmed, stating in part, "It is

improper for a judge to grant (or deny) a continuance for the very purpose of changing the substantive law applicable to the case." *Id.* at 796.

Relying on this language, the government argues that any motion for a continuance filed in November 2018 would have been denied. As the government notes, the origins of the First Step Act can be traced to bills introduced as early as 2015. *See* Resp. 9. The parties cite competing newspaper articles in an effort to convince the court that Rediger should have known in November 2018 that the First Step Act was, or was not, likely to be passed. The briefs trade quotes from November 12 and 16, 2018, recounting rumors of conversations between the President and the Senate majority leader on the positions of certain senators—all concerning the Act's prospects of passage. *Compare* Mot. Leave to Am. 5 (quoting *Bipartisan Sentencing Overhaul Moves Forward, but Rests on Trump*, NEW YORK TIMES, Nov. 12, 2018), *with* Resp. 6 (citing *McConnell Tells Trump a Criminal Justice Bill Is Not Likely This Year*, NEW YORK TIMES, Nov. 16, 2018).

But *Tanner* would not necessarily have *required* denial of a motion to continue Jorge's resentencing. It is true that *Tanner* condemned using a continuance solely to "try[ ] to change the effective date of a statute because [the judge] liked, or disliked, how the statute had changed the existing law." 543 F.3d at 797. But the Seventh Circuit made sure to distinguish an improper continuance from a legitimate effort to avoid unwarranted sentencing disparities:

> Imagine a case in which two defendants are identically circumstanced, one receives a continuance based on proper case-management concerns and as a result will be eligible for safety-valve relief when sentenced and the other seeks a continuance on the ground that to deny him such relief would create an irrational disparity in punishment. Our analysis would not bar the sentencing judge from granting a continuance on this ground. For it would be a matter not of the judge's preferring the new guideline to the old one but of [her] wanting to avoid creating an arbitrary punishment differential, and that is a proper consideration for a sentencing judge.

*Id.* at 797.

Substitute the First Step Act for the safety valve, and the *Tanner* hypothetical neatly captures how matters stood for Hector and Jorge in November 2018. Hector's resentencing had been postponed by agreement while his interlocutory appeal was pending. The newspaper articles the parties quote show that there was at least a credible argument to be made that Hector might be subject to a shorter mandatory minimum depending on how long his appeal took. *Tanner* confirms that avoiding the possibility of an arbitrary disparity created by the passage of the First Step Act would have been a proper reason to continue Jorge's sentencing. *See Tanner*, 543 F.3d at 797; *see also United States v. Orozco*, 2014 WL 2781838, at *2 (N.D. Ill. June 19, 2014). Because this court would certainly have seriously entertained such a motion on a record similar to one made in the instant motion to amend, *Tanner* does not establish futility.

The government has one more arrow in its quiver. It contends that passage of the First Step Act was so uncertain that Rediger's failure to move for a continuance must have fallen within the realm of reasonable trial tactics permitted under *Strickland*. There is some force to this argument even at this preliminary stage. "Just as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

It is too early to know whether Rediger's choice not to move for a continuance was a strategic decision at all or how remote he considered his chances of winning a continuance. Like the Seventh Circuit, this court discerns a "serious claim" of ineffective assistance in Jorge's proposed amendment, and this will be his only opportunity to press that claim. *Johnson*, 196 F.3d at 805. This court has heard no evidence on this issue, and Rediger has not responded to the

7

claim. If a petitioner "'alleges facts that, if true, would entitle him to relief,' then an evidentiary hearing is necessary." *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016). The court implies no view on whether an evidentiary hearing will be required. But the court rules only that at this stage "the files and records of the case [do not] conclusively show that [Jorge] is entitled to no relief," and his are allegations are neither too vague nor conclusory to deny him an opportunity to plead his claim and develop a record. 28 U.S.C. § 2255(b) (conditions under which evidentiary hearing is unnecessary).

Having granted Jorge's motion, the court must consider whether Rediger should continue to represent Jorge. The instant motion states that Jorge wants to waive any conflict of interest Rediger may have, so Rediger can continue the representation on his claims related to Beal's conduct. Mot. Leave to Am. 2. The government approaches the issue as a question of waiver of Jorge's Sixth Amendment right to counsel. *See* Resp. 11. Under the Sixth Amendment, "[a]lthough every defendant has a right to the attorney of his choosing, that right is not absolute. The Sixth Amendment also entitles defendants to representation by an attorney unfettered by any conflict of interest." *United States v. Combs*, 222 F.3d 353, 360–61 (7th Cir. 2000) (internal citations omitted). Although Jorge is content to waive any conflict of interest, this court "has an independent duty to balance the right to counsel of choice with the broader interests of judicial integrity." *Id.* at 361 (quoting *Vasquez*, 966 F.2d at 261). But the Sixth Amendment right to counsel does not attach at the collateral attack stage. *Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000) ("[A] criminal defendant enjoys this right to counsel through his first appeal of right, but . . . once the direct appeal has been decided, the right to counsel no longer applies.") (internal citations omitted)); *see also Ellis v. United States*, 313 F.2d 848, 851 (7th Cir. 1963) (holding that § 2255 movants do not have a Sixth Amendment right to counsel).

Even though Sixth Amendment principles do not apply, the applicable ethical rules raise essentially the same concerns. The most serious problem the court foresees concerns the possibility that Jorge may be required to call Rediger as a witness. This district has adopted the American Bar Association's Model Rules of Professional Conduct, where applicable, to govern attorneys practicing here. N.D. Ill. L.R. 83.50. Rule 3.7(a) provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

Model Rule of Prof'l Conduct ("Model Rule") 3.7(a). Also, if Jorge and Rediger are likely to offer conflicting testimony on a material matter, a conflict of interest may exist even if withdrawal would work a substantial hardship under Rule 3.7 (a)(3). *Id.* Cmt. 6.

The present record leaves the court unable to explore these issues in any depth. The court is not inclined to deprive Jorge of a lawyer with whom he has a functioning relationship (and whom he wants) without a good reason. However, the parties approach this problem as one of consent rather than as a "substantial hardship" under Model Rule 3.7(a)(3) (quoted above). If Rediger were to give evidence, making a more complete record on the hardship of his withdrawal would be very helpful.

As for potential conflicts, the claims Rediger and Hill press do not overlap very much factually or legally, so it is hard to imagine how Rediger's interests will impair his ability to advocate effectively on his piece of the case. If anything, winning the claim based on Beal's conduct would be good for Rediger (and Jorge), for it might obviate the need to reach any claimed ineffective assistance at resentencing. *See* Model Rules 1.7(a)(2), (b). On the other

9

hand, if Rediger is likely to testify in a way that is directly adverse to Jorge's interests, the two may have a conflict that cannot be waived. The court does not know whether Jorge's waiver of any conflict was adequately informed and has not been supplied with a writing, as Model Rule 1.7(b)(4) requires. The court leaves further exploration of these issues in the first instance to counsel for the government and for Jorge; counsel are in a much better position than the court to explore them.

For the reasons stated, Jorge Uriarte's motion for leave to amend his § 2255 petition is granted. An amended petition is due within 14 days after the entry of this order. Counsel are directed to confer and file a status report on or before November 1, 2019. The report must set forth the positions of counsel on the propriety of Mr. Rediger continuing to represent Jorge. If appropriate, counsel should indicate whether they believe that a hearing is necessary to address any Rule 3.7 or 1.7 issues (or any other issue), and, if so, how the court should proceed at the hearing.

Date:   October 17, 2019                           /s/
                                                                          Joan B. Gottschall
                                                                          United States District Judge